﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 200319-72228
DATE: September 30, 2020

ORDER

Entitlement to a temporary total evaluation because of hospital treatment in excess of 21 days for residuals of skin cancer is denied. 

Entitlement to a temporary total evaluation because of treatment for residuals of skin cancer subject to compensation is denied. 

FINDINGS OF FACT

1. The veteran is not shown to have a service-connected disability that has required hospital treatment, in a VA facility or approved private facility, for a period in excess of 21 days.

2. The veteran is not shown to have a service-connected disability that has required a period of convalescence following treatment.

CONCLUSIONS OF LAW

1. The criteria for the assignment of a temporary total rating based on hospital treatment or observation due to residuals of skin cancer have not been met. 38 U.S.C. §§ 1155, 7104; 38 C.F.R. § 4.29.

2. The criteria for the assignment of a temporary total rating based on need for a period of convalescence following hospital treatment due to residuals of skin cancer have not been met. 38 U.S.C. §§ 1155, 7104; 38 C.F.R. § 4.30.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably in the Navy from September 1945 to May 1949 and from September 1950 to December 1951. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

This matter comes before the Board of Veterans’ Appeals (Board) from a February 25, 2020 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely submitted a 10182 and elected Direct Review. 

After the February 2020 rating decision, a VA 21-4138 was submitted, stating that an authorization form for a non-VA provider, Dr. M.W.F., was attached. Unfortunately, only one page of the authorization form is of record. The record also contains a July 2020 brief from the Veteran’s representative indicating that the records from Dr. M.W.F. are “critical” in determining the severity of the Veteran’s skin condition and that the RO failed by not attempting to obtain them. Notwithstanding the foregoing, this evidence submitted is outside the evidentiary window. As the Veteran has elected Direct Review under AMA, consideration of evidence is limited to evidence available at the time of the February 2020 rating decision.

The Board also notes that this is not a pre-decisional duty to assist error on the part of the RO as a development letter dated January 16, 2020, was sent to the Veteran and his representative. The letter requested that a VA Form 21-4142 (authorization for release of medical records) for Dr. M.W.F. be completed and returned within 30 days. The letter also informed the Veteran and his representative that if there was no response within 30 days that the RO would decide the claim; the Veteran’s response was received on March 19, 2020, after the 30-day window. 

With respect to the evidence submitted after the February 2020 rating decision, pertaining to the claims decided herein, the Board encourages the Veteran to file a Supplement Claim and to submit and/or identify this evidence if he wishes for the RO to consider it. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). 

1. Entitlement to a temporary total evaluation because of hospital treatment in excess of 21 days for residuals of skin cancer is denied. 

2. Entitlement to a temporary total evaluation because of treatment for residuals of skin cancer subject to compensation is denied.

Initially, the Board notes that the Veteran is service connected for residuals of skin cancer (painful/tender) under Diagnostic Code (DC) 7804, and residuals of skin cancer (head, face, or neck) under D.C. 7800. 

A total disability rating will be assigned when it is established that a service-connected disability has required hospital treatment in a VA or an approved hospital for a period in excess of 21 days or hospital observation at VA expense for a service-connected disability for a period in excess of 21 days. 38 C.F.R. § 4.29. Subject to certain provisions, this increased rating will be effective the first day of continuous hospitalization and will be terminated effective the last day of the month of hospital discharge (regular discharge or release to non-bed care) or effective the last day of the month of termination of treatment or observation for the service-connected disability. 38 C.F.R. § 4.29. 

Although 38 C.F.R. § 4.29 does not specifically define hospitalization, the regulation unambiguously indicates that such total ratings are appropriate beginning with the first day of "continuous hospitalization." 38 C.F.R. § 4.29

Under the provisions of 38 C.F.R. § 4.30, a total disability rating (100 percent) will be assigned without regard to other provisions of the rating schedule when it is established by report of hospital discharge (regular discharge or release to non-bed care) or outpatient release that entitlement is warranted under paragraph (a) (1), (2), or (3) of this section effective the date of hospital admission or outpatient treatment and continuing for a period of 1, 2, or 3 months from the first day of the month following such hospital discharge or outpatient release. 

(a) Total ratings will be assigned under this section if treatment of a service-connected disability resulted in: (1) surgery necessitating post hospital convalescence; (2) surgery with severe postoperative residuals such as incompletely healed surgical wounds, stumps of recent amputations, therapeutic immobilization of one major joint or more, application of a body cast, or the necessity for house confinement, or the necessity for continued use of a wheelchair or crutches (regular weight bearing prohibited); (3) immobilization by cast, without surgery, of one major joint or more. 

Private treatment records show that the Veteran had biopsies on March 17, 2014, July 9, 2014, and October 22, 2014. The Veteran had Mohs Surgery on June 9, 2014. The Veteran also received cryotherapy in September 17, 2014. 

Private treatment records show that the Veteran had biopsies on March 17, 2015, May 26, 2015, October 2, 2015, and August 11, 2015. The Veteran had Mohs Surgery on June 19, 2015, July 17, 2015, November 13, 2015, and December 29, 2015. The Veteran received cold therapy on March 31, 2015, and August 11, 2015. 

Private treatment records show that the Veteran had a biopsy on April 22, 2016 and December 6, 2016. The Veteran had Mohs Surgery on May 20, 2016 and June 17, 2016.

Private treatment records show that the Veteran had a biopsy on April 6, 2017, June 6, 2017, and October 6, 2017. The Veteran received superficial radiation therapy treatment on January 11, 2017, January 12, 2017, January 16, 2017, January 26, 2017, February 2, 2017, February 9, 2017, February 23, 2017, March 2, 2017, March 9, 2017, March 16, 2017, March 23, 2017, March 30, 2017, April 6, 2017, April 12, 2017, and April 20, 2017. The Veteran also received cryotherapy in October 24, 2017. The Veteran had another biopsy on January 5, 2018.

A November 2019 letter from Dr. M.W.F. indicates that the Veteran is receiving superficial radiation therapy for 3 Squamous Cell Carcinoma’s that was diagnosed on November 1, 2019. See November 2019 Letter. His current treatment plan includes coming in for treatment once a week with a total of 15 treatments per lesion. His treatment should have been completed in mid-June of 2020. 

Coming in for treatment once a week or sporadically cannot be characterized as continuous hospitalization. There is no indication from the record that hospitalization was required for the Veteran’s biopsies, cryotherapy, radiation therapy, or Mohs surgery. As his partial hospitalizations does not meet VA's definition of a hospitalization under 38 C.F.R. § 4.29, his claim must be denied. 

The Veteran’s Mohs surgery was an outpatient procedure and no residuals were noted in the record. The Veteran’s treatment records do not show surgery necessitating post hospital convalescence, surgery with severe postoperative residuals such as incompletely healed surgical wounds, stumps of recent amputations, therapeutic immobilization of one major joint or more, application of a body cast, or the necessity for house confinement, or the necessity for continued use of a wheelchair or crutches (regular weight bearing prohibited), or immobilization by cast, without surgery, of one major joint or more.

Based on the above, the Board finds that entitlement to a temporary total rating requiring hospitalization (under 38 C.F.R. § 4.29) or convalescence (under 38 C.F.R. § 4.30) is not warranted.

The Board has considered the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, the claim is not in equipoise. See 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). Accordingly, the claim must be denied.

The Board acknowledges and is sympathetic to the fact that the Veteran is currently undergoing radiation therapy for his service-connected skin cancer. However, the Board currently only has jurisdiction over the claims for temporary total evaluations decided herein. As noted in the February 2020 rating decision code sheet, the Board wishes to remind that Veteran that if he would like to file a claim for worsening and/or additional locations of his skin cancer, he may do so on VA Form 21-526EZ (Application for Disability Compensation and Related Compensation Benefits). 

 

 

JESSICA L. O’CONNELL

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Smith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.